OPINION
{¶ 1} Kasey Widener appeals from a judgment of the Darke County Municipal Court, which found her guilty of theft by deception following her no contest plea. The court sentenced Widener to ten days in jail, all of which were suspended; fined her $500, with $250 suspended; and ordered her to pay restitution.
 {¶ 2} The facts that formed the basis of the charge against Widener were as follows.
 {¶ 3} Widener entered into a payday loan agreement with Ohio Cash Advance in May 2005. Pursuant to their agreement, Widener wrote two post-dated checks to Cash Advance, each in the amount of $143.75, in exchange for which she received $250. Widener's checks were supposed to be deposited after June 10, 2005.
 {¶ 4} According to her brief, before Cash Advance presented the checks to the bank, Widener determined that she could not cover the checks. She claims that she contacted her bank, which suggested that she stop payment on the checks to avoid the higher fees associated with bouncing a check. Widener did stop payment on the checks, and she claims that she informed Cash Advance of this fact. Nonetheless, Cash Advance attempted to deposit the checks, which were returned due to the stop payment orders. When subsequent attempts to collect were unsuccessful, Cash Advance reported the matter to the police. Widener was charged with theft by deception in violation of R.C. 2913.02(A)(3).
 {¶ 5} Widener filed a motion to dismiss the charge against her, and the trial court overruled the motion. Widener subsequently entered a plea of no contest and was found guilty of theft by deception.
 {¶ 6} Widener raises two assignments of error on appeal from the trial court's judgment. She argues that her motion to dismiss the charge against her should have been granted and that she should not have been convicted of theft by deception because she did not have an intent to defraud at the time she wrote the checks in question. Specifically, she argues that no criminal offense was committed because Cash Advance knew, when it accepted the checks, that there were insufficient funds in the account to cover the checks and because the Fair Debt Collection Practices Act ("FDCPA") prohibits the threatening or instituting of criminal prosecution based on a post-dated instrument.
 {¶ 7} Widener's motion to dismiss focused primarily on the FDCPA. The trial court treated the motion to dismiss as one raised pursuant to Crim.R.12, although Widener did not specifically refer to the rule. The court ruled that there were unresolved fact issues that precluded dismissal. It also concluded that the alleged violations of the FDCPA were not relevant to its determination of whether Widener had violated R.C. 2913.02(A)(3).
 {¶ 8} The trial court properly refused to dismiss the complaint. Crim.R. 12(C) provides that a party may raise by pretrial motion "any defense * * * that is capable of determination without the trial of the general issue" before the court. Whether Widener acted deceptively was the general issue before the court, which made dismissal inappropriate. Widener did not identify any defect in the complaint or any other basis on which dismissal might have been appropriate. We doubt that the FDCPA even applies to Cash Advance, which was attempting to collect its own receivable. See Section 1692a(6), Title 15, U.S. Code. In any event, no evidence was presented to the court which demonstrated a violation of the FDCPA. As such, the motion to dismiss was properly overruled.
 {¶ 9} Widener's first assignment of error is overruled.
 {¶ 10} Widener also contends that she should not have been convicted because she did not act deceptively in tendering the checks. In this argument, she focuses on the fact that Cash Advance knew there were insufficient funds in her account to cover the checks when it accepted them.
 {¶ 11} Widener was convicted of theft by deception in violation of R.C. 2913.03(A)(3), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * by deception." The state maintained that putting a stop payment order on the post-dated checks that she had given to Cash Advance established that Widener had obtained property or services by deception.
 {¶ 12} Widener pled no contest to theft by deception. By entering a no contest plea, a defendant admits to the truth of the facts alleged in the complaint or indictment, although not to his or her guilt. Crim.R. 11(B)(2). Thus, by pleading no contest, Widener failed to preserve for our review the issue that she seeks to raise on appeal, namely, whether she had, in fact, deceived Cash Advance. If Widener wanted to challenge the facts alleged by the prosecutor, she should have pled not guilty and presented her evidence at trial. Put differently, Widener's alleged defense was that, at the time she entered into the payday loan agreement, she thought that when Cash Advance presented her post-dated checks for payment, they would be honored. Thus, she did notobtain the payday loan by deception. Widener abandoned this defense by pleding no contest. Interestingly, Widener did not offer this defense in mitigation either.
 {¶ 13} Furthermore, Widener relies on several cases that involved the offense of passing bad checks. See, e.g., State v. Edwards (2001),141 Ohio St.3d 388, 751 N.E.2d 510; State v. Boyd, Montgomery App. No. 19518, 2003-Ohio-2406. In those cases, the appellate courts found that the defendant was not guilty of passing bad checks because the payee knew when the check was tendered that there were insufficient funds in the account to cover the check. Edwards, 141 Ohio St.3d at 395;Boyd at ¶ 16. In Boyd, we reasoned: "There is no deception on the part of the drawer when the payee knows that there are not sufficient funds in the bank upon which the check is drawn." Boyd at ¶ 14, quotingState v. Creachbaum (1970), 24 Ohio App.2d 31, 37, 263 N.E.2d 675. We note that these cases are distinguishable on their facts, however, because they did not involve a situation such as the one presented here where the payer promises that a check will be honored at a fixed time in the future and subsequently interferes with the payee's ability to negotiate the check.
 {¶ 14} Because Widener's no contest plea precludes her from challenging the factual basis for her conviction on appeal, her second assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
FAIN, J. and DONOVAN, J., concur.